Citation Nr: AXXXXXXXX
Decision Date: 07/14/21 Archive Date: 07/14/21

DOCKET NO. 191106-42700
DATE: July 14, 2021

REMANDED

Entitlement to service connection for a right ear disability (other than hearing loss disability and tinnitus) is remanded. 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from August 1972 to December 1972. 

This matter originated from a May (2nd) 2018 legacy rating decision of a Department of Veterans Affairs (VA) Regional Office (RO). He filed a legacy notice of disagreement in June 2018 and VA issued a statement of the case (SOC) in October 2019. The Veteran opted in the Appeals Modernization Act (AMA) when VA received a VA Form 10182 (Decision Review Request: Board (Notice of Disagreement)) in November 2019. A claimant with a legacy appeal may elect review under the AMA framework by filing a VA Form 10182 within 60 days from the date that the Agency of Original Jurisdiction (AOJ) mails the SOC, or within the one-year period from the date of mailing of the notification of the determination being appealed, whichever period ends later. 38 C.F.R. § 19.2(d); 19.52(b). Here, the VA Form 10182 was filed within 60 days of the date of mailing of the June 2019 SOC being appealed. 

The Veteran selected the Direct Review lane without a Board hearing when he opted into the AMA review system by submitting a VA Form 10182 (Decision Review Request: Board (Notice of Disagreement)). Subsequently, a May 2020 Board decision denied entitlement to service connection for left ear hearing loss and a right ear disability (other than hearing loss and tinnitus). 05/27/2020, BVA Decision. 

The Veteran appealed the Board's May 2020 decision to the United States Court for Veterans Claims (CAVC). In a March 2021 CAVC-approved Joint Motion for Partial Remand (JMPR), CAVC vacated the Board's decision and found that the Board had failed provided an adequate statement of reasons or bases with its decision. Specifically, the Board erred by relying solely on the lack of contemporaneous records to deny the claim for service connection. Additionally, the Board erroneously characterized a December 1972 examination of affirmative evidence of no physical issues besides skin, despite the record revealing that this examination was completed for skin purposes only. The JMPR did not disturb the portion of the Board's decision which denied entitlement to service connection for left ear hearing loss. 03/16/2021, CAVC Decision. As such, the left ear issue is not before the Board and will not be addressed.

Accordingly, the Board will only consider the evidence of record at the time of the aforementioned determinations as this matter has been returned to the Board's Direct docket. See Andrews v. McDonough, No. 19-3227 (Vet. App. May 28, 2021) (holding that two legacy cases do not apply in the AMA to the extent they allow for submission of additional evidence or require the Board to independently develop a claim that is on remand from the CAVC). 

Entitlement to service connection for a right ear disability (other than hearing loss disability and tinnitus) is remanded. 

This issue is remanded to correct a duty to assist error that occurred prior to the October 2019 SOC on appeal. The Agency of Original Jurisdiction (AOJ) did not obtain a VA examination prior to the decision on appeal. However, based on the evidence associated with the claims file prior to the decision on appeal, the Board finds that a VA examination/medical opinion is required to adjudicate this issue. 

In this regard, an April 2018 lay statement from the Veteran contends that he incurred slag burns to his right ear, which caused a perforated hole to his eardrum. 04/06/2018, Correspondence. The Veteran's statements are partially corroborated by a January 2018 medical opinion from a private clinician, which suggests that the current granulation tissue with perforation of tympanic membrane is consistent with the Veteran's contentions regarding an in-service welding slag burn. 02/14/2018, Medical Treatment Record. 

Accordingly, the Board finds that VA's duty to assist to provide a VA examination was triggered prior to the decision on appeal and a remand is necessary to determine the nature and etiology of the Veteran's right ear disability (other than hearing loss disability and tinnitus) to assist with adjudication of this matter.

This matter is REMANDED for the following action:

Schedule the Veteran for an appropriate VA examination to determine the nature and etiology of his right ear disability (other than hearing loss disability and tinnitus). The claims file is to be reviewed so the examiner can become familiar with the pertinent medical history and such should be noted in the report.

After reviewing the record and examining the Veteran, the examiner is to respond to the following:

(a.) For any current diagnosis of a right ear disability (other than hearing loss disability and tinnitus), whether it is at least as likely as not the disability had its onset during the Veteran's active service, which is from August 1972 to December 1972, and/or is otherwise etiologically related to such service.

A comprehensive rationale for all opinions is to be provided. All pertinent evidence, including both lay and medical, should be considered. If an opinion cannot be given without resorting to speculation, the examiner should explain why and state whether the need to speculate is due to a deficiency in the state of general medical knowledge (no one could respond given medical science and the known facts), the record (additional facts are required), or the examiner (does not have the knowledge or training). 

 

 

Paul Sorisio

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board David Han

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.